The Honorable Floyd G. Rogers Circuit Judge Twelfth Judicial District Crawford County Courthouse Van Buren, Arkansas 72956
Dear Judge Rogers:
This is in response to your request for an opinion regarding a proposed Crawford County ordinance which provides for the disposition of "drug forfeiture property and money." It is my opinion that the distribution of property, including money, seized in connection with a violation of the Arkansas Controlled Substances Act, A.C.A. § 5-64-101 et seq., is governed by A.C.A. § 5-64-505 (1993). It is, therefore, my opinion that the proposed ordinance would in all likelihood be contrary to state law and invalid if enacted.
The proposed ordinance is entitled "Ordinance to provide for disposition of drug forfeiture property and money." The ordinance provides that moneys forfeited and all property seized as contraband, after public sale, "shall be placed in a drug fund in the County Treasury to be administered by the Prosecuting Attorney of Crawford County." The ordinance provides that the prosecuting attorney will divide "the property" in the following manner:
 (1) If the law enforcement agency is a state agency, substantially all shall be deposited into the State Treasury in the fund for that agency for the law enforcement purposes for that agency;
 (2)(A)(i) If the law enforcement agency is a county sheriff's office, substantially all shall be deposited in the County Treasury and credited to a special law enforcement fund in the County Treasury;
 (ii) If the law enforcement [agency] is a city or town police agency, substantially all shall be deposited in the city or town treasury and credited to a special law enforcement fund in the City Treasury.[1]
The ordinance also provides that "[m]oneys in the special law enforcement drug fund in the county or city treasury shall be expended only upon appropriation to the sheriff's office or to the police department by quorum court or governing body of the city to defray . . . or for such other law enforcement purposes." In addition, the prosecuting attorney is required to file quarterly reports with the county clerk. The reports shall include an accounting of expenditures and receipts regarding the drug fund. Finally, the proposed ordinance contains an emergency clause which indicates that there is an "immediate need for a mechanism to provide for disposition of drug forfeiture property and money."
Because the proposed ordinance refers to the disposition of "drug forfeiture property and money," I assume that you are referring to property that is seized in connection with a violation of the Arkansas Controlled Substances Act, A.C.A. § 5-64-101 et seq. Therefore, my review of the ordinance is limited to a discussion of the ordinance as it relates to property subject to forfeiture under A.C.A. § 5-64-505.[2]
Arkansas Code Annotated § 5-64-505 specifically provides for the disposition of confiscated property once a forfeiture has been ordered.See Op. Att'y Gen. No. 91-011 (copy enclosed). Section 5-64-505(k) provides:
 (1) Whenever property is forfeited under subchapters 1-6 of this chapter, the circuit court shall enter an order:
 (i) To permit the law enforcement agency or attorney for the state to retain the property for official use except that all aircraft shall be transferred to the Arkansas Drug Director;
 (ii) To sell that which is not required by law to be destroyed and which is not harmful to the public. Such property shall be sold at a public sale to the highest bidder, and if not sold at public sale, the court may permit a private sale. The proceeds of any sale and any moneys forfeited or obtained by judgment or settlement under subchapters 1-6 of this chapter shall be deposited in the special asset forfeiture fund of the attorney for the state.
 (2) The attorney for the state shall administer expenditures from the fund. The fund is subject to audit by the Division of Legislative Audit. Moneys in the fund must be distributed in the following order:
(i) For satisfaction of any bona fide security interest or lien;
 (ii) For payment of all proper expenses of the proceedings for forfeiture and sale, including expenses of seizure, maintenance of custody, advertising, and court costs; and
 (iii) Any balance under two hundred fifty thousand dollars ($250,000) shall be distributed proportionally so as to reflect generally the contribution of the appropriate local or state law enforcement or prosecutorial agency's participation in any of the activities that led to the seizure or forfeiture of the property or deposit of moneys under subchapters 1-6 of this chapter;
 (iv) Any balance over two hundred fifty thousand dollars ($250,000) shall be forwarded to the Department of the Arkansas State Police to be transferred to the State Treasury for deposit in the Special State Assets Forfeiture Fund for distribution as provided in subsection (l).
 (3) All controlled substances shall be forwarded to the Drug Enforcement Administration or Department of Health for disposition or destruction.
 (4)(i) There is created on the books of law enforcement agencies and attorneys for the state a Drug Control Fund. The Drug Control Fund shall consist of all moneys obtained under subsection (l) and other revenues as may be provided by law or ordinance. Moneys from the fund may not supplant other local, state, or federal funds. Moneys in this fund are appropriated on a continuing basis and are not subject to the Revenue Stabilization Law, § 19-5-101 et seq. Moneys in this fund must only be used for law enforcement and prosecutorial purposes. The fund is subject to audit by the Division of Legislative Audit.
 (ii) The law enforcement agencies and attorneys for the state shall submit to the State Drug Director on or before January 1 and July 1 of each year a report detailing all moneys received and expenditures made from the Drug Control Fund during the preceding six-month period.
The foregoing provisions specify the procedures for disposing of seized property and distributing the proceeds. Specifically, the provisions govern the amount of funds that shall be distributed to local or state law enforcement agencies.[3]
Arkansas Constitution Amendment 55, § 1(a), provides that a county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law. Arkansas Code Annotated § 14-14-805
(1987) provides that a county quorum court exercising local legislative authority is prohibited from passing any legislative act contrary to the general laws of the state. A.C.A. § 14-14-805(13). The disposition of property that is seized in connection with a violation of the Arkansas Controlled Substances Act is specifically provided for in § 5-64-505. The proceeds from any sale of forfeited property and any forfeited moneys must be distributed according to A.C.A. § 5-64-505(k). Further, § 5-64-505(k) specifies the purposes for which such funds may be used and requires an accounting of funds. Accordingly, it is my opinion that the proposed Crawford County ordinance would in all likelihood be contrary to state law and invalid if enacted.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] I assume that "law enforcement agency" refers to the law enforcement agency that seized the property.
[2] The disposition of seized property is generally governed by A.C.A. § 5-5-101 (1993); however, A.C.A. § 5-5-102 (1993) provides that when there is a statute that specifies procedures for the disposition of a particular type of seized property, the seized property shall be disposed of in accordance with that statute. See Op. Att'y Gen. Nos. 91-228, 91-011, and 89-070.
[3] With regard to the disbursement of funds after distribution to the appropriate law enforcement agency or the disposition of property retained by a prosecuting attorney or law enforcement agency for official use pursuant to A.C.A. § 5-64-505(k)(1)(i), please see Op. Att'y Gen. Nos.96-061, 91-416, and 91-011 (copies enclosed).